GFB/AKA: USAO 2023R00235

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. 23-CR-00236-PJM |
| TRISTYN TUTT, | * | (Felon in Possession of Ammunition, 18 U.S.C. § 922(g)(1); Illegal Possession of Machinegun, 18 U.S.C. § 922(o); Forfeiture, 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| Defendant | * | |

*******

### INDICTMENT

### COUNT ONE
### (Felon in Possession of Ammunition)

The Grand Jury for the District of Maryland charges that:

On or about March 13, 2023, in the District of Maryland, the Defendant,

**TRISTYN TUTT,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess ammunition, that is, approximately 30 rounds of PMC 9mm ammunition, and the ammunition was in and affecting interstate or foreign commerce.

18 U.S.C. § 922(g)(1)

USDC- GREENBELT
'23 JUL 12 PM 2:28

## COUNT TWO
### (Illegal Possession of Machinegun)

The Grand Jury for the District of Maryland further charges that:

On or about March 13, 2023, in the District of Maryland, the defendant,

**TRISTYN TUTT,**

knowingly possessed a machinegun, as defined by 18 U.S.C. § 921(a)(23) and 26 U.S.C. § 5845(b), that is, a Polymer 80 PMF 9mm semi-automatic pistol with a full-automatic switch installed.

18 U.S.C. § 922(o)

# FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on any of the offenses set forth in Counts One and Two of this Indictment.

2. Upon conviction of any of the offenses set forth in Counts One and Two of this Indictment, the defendant,

**TRISTYN TUTT,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offense.

3. The property to be forfeited includes, but is not limited to, the following property seized during the defendant's arrest in Suitland, Maryland, on or about March 13, 2023: a Polymer 80 PMF 9mm handgun, bearing no serial number and approximately 30 rounds of PMC 9mm ammunition contained therein.

## Substitute Assets

4. If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property.

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Erek L. Barron* /AKA
Erek L. Barron
United States Attorney

A TRUE BILL

**SIGNATURE REDACTED**  7/12/23
Date

4